XAVIER BECERRA
Attorney General of California
MIGUEL A. NERI
Supervising Deputy Attorney General
DAVID PAI
Deputy Attorney General
State Bar No. 227058
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 879-0816
  Fax: (510) 622-2270
  E-mail: David.Pai@doj.ca.gov

**Exempt from Filing Fees per
Government Code § 6103**

*Attorneys for Defendants*
*California Department of Corrections and*
*Rehabilitation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. DEFENDIS,<br><br>                              Plaintiff,<br><br>              v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION and DOES 1-20,<br>inclusive,<br><br>                              Defendants. | Case No. 5:17-CV-06669<br><br>Removed from the Superior Court of California for the County of Monterey, Case No. 17CV003892<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(a) (Federal Question)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant California Department of Corrections and Rehabilitation ("CDCR") hereby removes to this Court the state court action described below.

I.   **PROCEDURAL HISTORY**

On October 20, 2017, plaintiff Nicholas A. Defendis filed a complaint against the CDCR in the Superior Court of California for the County of Monterey, styled *Nicholas A. Defendis v. California Department of Corrections and Rehabilitation and DOES 1-20, inclusive*, Case No. 17CV003892 ("State Court Action"). Plaintiff's complaint alleges, among others, discrimination

1

on the basis of religion under Title VII of the United States Civil Rights Act of 1964, 42 U.S.C. § 2000e(a)(1) and (2).

As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by the CDCR in connection with the State Court Action, including an answer filed by the CDCR, are attached to this notice of removal as Exhibit A.

## II.   BASIS FOR REMOVAL

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action arising under the laws of the United States. Plaintiff is alleging a violation of 42 U.S.C. 2000e(a)(1) and (2) ("Title VII"). Jurisdiction of this Court is further authorized pursuant to 42 U.S.C. § 2000e-5(f)(3) ("Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.")

## III.   VENUE AND INTRA-DISTRICT ASSIGNMENT

Plaintiff's State Court Action is pending the Superior Court of California for the County of Monterey, which is within this judicial district and division. 28 U.S.C. § 84(a). The United States District Court for the Northern District of California is, therefore, the proper venue for removal. 28 U.S.C. § 1446(a). Further, pursuant to Rule 3-2(e) of the Local Rules of this Court, this action should be assigned to the San Jose Division of the United States District Court for the Northern District of California.

## IV.   TIMELINESS

Upon information and belief, the CDCR was served with a copy of plaintiff's summons and complaint on October 25, 2017. The CDCR seeks removal within 30 days of such date. Accordingly, this notice of removal is timely filed. See 28 U.S.C. § 1446(b) (requiring notices of removal to be filed within 30 days after the receipt by the defendant, through service or otherwise).

2

## V.   NO OTHER NAMED DEFENDANTS

Defendant CDCR is the only named defendant in the State Court Action. Therefore, no other defendants are required to join in this notice of removal.

## VI.   NOTICE

As required by 28 U.S.C. § 1446(d), the CDCR is serving written notice of this notice of removal on plaintiff and filing a copy of it with the clerk of the Superior Court of the State of California for the County of Monterey.

Dated:  November 21, 2017                                 Respectfully Submitted,

XAVIER BECERRA
Attorney General of California

/s
DAVID PAI
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and*
*Rehabilitation*

OK2017901666
Notice of Removal.docx

# Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DOUGLAS C. KANE, S.B. NO. 198934<br>LAW OFFICE OF DOUGLAS KANE<br>123 Jewell Street<br>Santa Cruz, CA 95060<br>TELEPHONE NO.: (831) 459-8000    FAX NO.: (831) 459-8127<br>ATTORNEY FOR *(Name):* Plaintiff NICHOLAS A. DEFENDIS | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 10/20/2017 3:59 PM ·<br>By: Janet Nicholson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: Monterey

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>17CV003892 |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Six
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 20, 2017
DOUGLAS C. KANE
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NICHOLAS A. DEFENDIS

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 10/20/2017 3:59 PM<br>By: Janet Nicholson, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Monterey County Superior Court<br><br>1200 Aguajito Road, Monterey, CA 93940 | CASE NUMBER:<br>*(Número del Caso):* 17CV003892 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas C. Kane, 123 Jewell Street, Santa Cruz, CA 95060, (831) 459-8000

| DATE:<br>*(Fecha)* 10/20/2017 | Clerk, by<br>*(Secretario)* 10/20/2017 | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* California Department of Corrections and Rehabilitation

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* CCP § 416.50 (Public Entity)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

ELECTRЬ .ICALLY FILED BY
Superior Court of California,
County of Monterey
On 10/20/2017 3:59 PM
By: Janet Nicholson, Deputy

DOUGLAS C. KANE, State Bar No. 198934
LAW OFFICE OF DOUGLAS KANE
123 Jewell Street
Santa Cruz, CA 95060
(831) 459-8000
Fax: (831) 459-8127

Attorney for PLAINTIFF NICHOLAS A. DEFENDIS

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF MONTEREY

NICHOLAS A. DEFENDIS,

          PLAINTIFF,

          v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION and DOES 1-20,
inclusive,

          Defendants.

CASE NO. 17CV003892

COMPLAINT FOR DAMAGES FOR
RELIGIOUS DISCRIMINATION AND
FAILURE TO PROVIDE A
WORKPLACE FREE OF
HARASSMENT AND/OR
DISCRIMINATION (FAIR
EMPLOYMENT AND HOUSING ACT,
GOVERNMENT CODE SECTIONS
12900 ET SEQ. AND TITLE VII OF
THE U.S. CIVIL RIGHTS ACT),
WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY,
AND NEGLIGENT/INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS

PLAINTIFF alleges:

### GENERAL ALLEGATIONS

1.    PLAINTIFF NICHOLAS A. DEFENDIS ("PLAINTIFF") is and at all times herein mentioned was, a resident of Monterey County, California.

2.    Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") is and at all times mentioned herein was, a state entity existing under a charter granted by the Legislature of the State of California and adopted pursuant to the Constitution and laws of the State of California, that operates a number of correctional facilities across the state of California, including the

1

Correctional Training Facility ("CTF") in Soledad, Monterey County, California.

3.   DOES 1 through 20, inclusive, are fictitious names of Defendants sued herein under the provisions of section 474 of the Code of Civil Procedure.  PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's damages as herein alleged were proximately caused by such defendants.

4.   PLAINTIFF is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action, the agent, employee, representing partner, or joint venturer of the remaining defendants and was acting within the course and scope of that relationship.  PLAINTIFF is further informed and believes, and thereon aglleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to have been engaged in by each of the remaining defendants.

5.   All of the unlawful employment practices and wrongful conduct complained of herein occurred in the County of Monterey.

6.   PLAINTIFF, who first worked for CDCR beginning in 2013, interviewed for a Teacher position at CTF in April 2015.  He was offered the job, but he was uncomfortable with his interactions with the principle at CTF, Kevin Kessler ("KESSLER") during the interview process, and he had been told by Zack Patrick, the Principal at Valley State Prison where PLAINTIFF had previously worked, that KESSLER did not like subordinate employees who did not embrace the Mormon church. This concerned PLAINTIFF, and so he turned down the offer at the time. However, it was a position that was very compelling to him and so when it remained open he interviewed for it again in November 2015 and accepted the position beginning in December 2015.

7.   PLAINTIFF was very excited about his new position, but the issue that Mr. Patrick had warned him about quickly surfaced.  On or about December 17, 2015,

during PLAINTIFF first week on the job, KESSLER called him into his office because of a minor dress code issue. KESSLER proceeded to address him as if PLAINTIFF was being disciplined (even though it was just a training matter) which made PLAINTIFF very uncomfortable. KESSLER then began asking PLAINTIFF about his personal life, seeking information about his hobbies and interests, which only made PLAINTIFF more uncomfortable. As a result of this questioning, KESSLER learned that PLAINTIFF had no close ties in the Soledad area, which is apparently what he was trying to learn. He then stated to PLAINTIFF "you would be a good fit at our Mormon church." He then added "it would be in your best interest to consider joining." PLAINTIFF was shocked by this and very concerned by the apparent threat implied in KESSLER's words, but politely stated that he was not interested in joining the LDS church. He then immediately reported this conversation to his union representative, Maureen Thompson.

8.    Less than two weeks later, when PLAINTIFF was picking up his first paycheck at Human Resources, KESSLER again cornered PLAINTIFF and asked him whether he had given more thought to joining the LDS church. He then specifically asked PLAINTIFF if he would be attending the church that coming Sunday. This made PLAINTIFF extremely uncomfortable, particularly because it was out in the open in a very public setting in front of other people. PLAINTIFF walked away without responding, feeling very embarrassed and uncomfortable. He again immediately reported this to his union representative Ms. Thompson. She told him that he should document what happened, but since he was a probationary employee he should not report it to the EOO office.

9.    From that point on, KESSLER made PLAINTIFF' life and work more and more difficult. For several weeks there was a buffer since Keith Thompson (who later would become acting principal when KESSLER was removed from his position after numerous complaints were made against him for religious discrimination and/or harassment) was his acting supervisor while Assistant Principal Steven Campaign was

on medical leave, but once Mr. Campaign returned the buffer was removed, as Mr. Campaigne simply did KESSLER's bidding.

10.    One example of how KESSLER's increasing animus towards PLAINTIFF affected him involved the verification of PLAINTIFF' work experience for his Initial Salary Placement. On or about February 18, 2016, PLAINTIFF spoke to Personnel Specialist Brenda Hurtado regarding this issue and learned that another Personal Specialist, Eleonora Massey, had contacted KESSLER about missing documents regarding PLAINTIFF' prior work experience but that KESSLER had never notified him about the missing documents. KESSLER also denied confirmation of PLAINTIFF' work experience at two sites, one of which was with CDCR. It was particularly odd that he denied confirmation of this because it was an inter-departmental letter. Several weeks later, in March 2015, KESSLER brought PLAINTIFF into his office to discuss his pay verification.  During this meeting, Mr. Kessler read aloud PLAINTIFF' revised work experience letters sent by Fresno Unified School District, Madera Unified School District, and CDCR. KESSLER's secretary was present and his office door was left open so that others could hear. While reading this letters KESSLER in a very humiliating and demeaning manner mockingly ad-libbed false statements such as "Mr DeFendis was terminated from  employment because he was a lazy and unproductive employee" into the letters. This was very humiliating to PLAINTIFF, particularly since it was done in front of KESSLER's secretary and with the door open so that others could hear it.  Moreover, as a result of KESSLER's actions, it was April 2016, four months after PLAINTIFF began working at CTF, that he finally received his appropriate pay scale.

11.    A similar issue showing KESSLER's increased hostility towards PLAINTIFF involved the Teacher Credentialing Program/Induction of the Monterey County Office of Education (MCOE).  Initially, KESSLER agreed to the program and all its requirements including funding it, in order for PLAINTIFF to renew his teaching credential. In March 2016, Ana Guiteriez, the director of the program at MCOE at the

COMPLAINT FOR RELIGIOUS DISCRIMINATION  ETC.

time, came to CTF to visit and met with PLAINTIFF and KESSLER regarding this program. However, when the program was about to start in September 2016 KESSLER informed PLAINTIFF that now the agreement was off as CDCR would not fund or follow MCOE's requirements. At that point, it would not have been possible for PLAINTIFF to find and start a program that year and that would have invalidated his credential by February of 2017, making it impossible for him to continue teaching at CTF.  PLAINTIFF was able to talk to Christine Vasquez (the new director of the program of MCOE) and told her he would pay for the program himself and work on the situation with KESSLER. However, KESSLER then stated that the program created issues for CDCR and that he would not allow PLAINTIFF to conduct the induction program even if he paid for it himself. PLAINTIFF then contacted his union representative, Maureen Thompson, as well as Ms. Vasquez, who stated that she was confused because Salinas Valley State Prison ("SVSP") was conducting the induction program with MCOE and no issues were brought up. Since SVSP is the prison next door to CTF and, operates under the same rules as CTF, it clearly was not true that the program created issues for CDCR, as KESSLER had stated, and it was obvious that KESSLER was just trying to create obstacles for PLAINTIFF. Once it became clear that KESSLER's objections were invalid, PLAINTIFF was finally was able to start the program, two months later than he should have begun.

12.     Another example of the hostility that PLAINTIFF was experiencing was the fact that he was the only one in his group of probationary employees that was evaluated twice. This included David Kramer, an instructor who was caught giving burritos to inmates, writing Mormon scripture on the board, and teaching bible-driven lessons. All of these activities violate CDCR policies and giving gifts to inmates is considered over-familiarity which is an automatic termination in most cases. However, since Mr. Kramer was a member of the LDS church, he was not disciplined and not even given a second evaluation as PLAINTIFF was.

13.     PLAINTIFF's situation was compounded by an ongoing medical issue that

5

eventually was used to justify the rejection of his probation and his eventual termination. He received his first evaluation in early May 2016 and received positive scores in all categories except one, "work habits," in which he was marked "improvement needed." Mr Campaigne told PLAINTIFF that despite his solid work performance in terms of timely reports and conduct, absences would be an issue in his overall score. He informed Mr Campaigne at that time that he had a chronic sinus issue that caused debilitating migraines that occurred randomly and were difficult to prevent. He asked Mr. Campaigne what kind of reasonable accommodation could be provided to address this medical condition, as CDCR was obligated by law to do. Mr. Campaigne urged PLAINTIFF to apply for FMLA and PLAINTIFF completed the paperwork, filed it with HR and proceeded to use this process for over two months. During this period, neither Mr. Campaigne nor anyone else informed PLAINTIFF that he was not actually eligible for FMLA because he had not worked a sufficient number of hours yet.

14.   Instead, more than two months later, he suddenly received a "Letter of Expectation" signed by Mr. Campaigne regarding his "excessive absences" which stated informed him for the first time that he did not qualify for FMLA because he had not worked the minimum number of hours. When PLAINTIFF discussed this with Mr. Campaigne, it became apparent that Mr. Campaigne had known all along that PLAINTIFF did not meet the qualifications for FMLA, and that the months that he thought he was using FMLA would now be used against him.

15.   PLAINTIFF then spoke to Human Resources specialist Brenda Hurtado about what alternative reasonable accommodation he could have, and she told him that with the approval of his supervisor he could use his Vacation and Personal/Professional Leave time when he as ill. PLAINTIFF spoke to Mr. Campaigne, who stated that he agreed to this method, and that he informed KESSLER that this method would be used. PLAINTIFF did not put this request in writing, however, he did use the approved time off request format, signed by Mr. Campaigne. After Mr.

Campaigne signed the first 12 Request for Time Off forms (from March 11, 2016, through June 21, 2016), he asked PLAINTIFF to stop providing him the procedural form for time off request and instead would just approve the use of time (there were two more Request for Time Off forms in September and October 2016). However, even without the leave request forms all of the dates that PLAINTIFF took leave were approved by Mr. Campaign, as shown by the fact that they are listed on the 998 time sheets, which are all signed by PLAINTIFF' supervisor, Mr. Campaigne.

16.    Despite this agreement, in August 2016 he received a second evaluation that included rated him as "unacceptable" in three categories, including "Work Habits" and "Attitude" and "needs improvement" in a another category, "Skill," despite the fact that even in the review itself it states that "your reports are on-time, and professional" and the rate of promotion of his students was 29 percent, the highest on the yard. The evaluation seemed to be done with complete disregard to the reasonable accommodations suggested by Ms. Hurtado and agreed to by Mr. Campaigne. When PLAINTIFF questioned Mr. Campaigne about this he just replied "well you're not here". The evaluation was clearly so biased against him that it seemed to clear to PLAINTIFF that it was motivated by malice. For instance, there was a comment that he was "unenthusiastic about teaching" which was completely untrue and contradicted by the fact that his students were so successful. This comment sounded to PLAINTIFF like the words of KESSLER, not Mr. Campaigne. Subsequent events seemed to make it clear that this was true.

17. .  PLAINTIFF requested to have this evaluation reviewed and informed Ms. Thompson, his union representative. Following this request, he was approached by Roman Sanchez, who was a fellow teacher. Mr. Sanchez brought PLAINTIFF into his room and began by stating "This conversation didn't happen and if you bring it up I will deny it." Mr. Sanchez then stated that his role in the prison was to help new hires stay on and proceeded to make it clear that PLAINTIFF' status at the prison -- whether he would be retained or fired -- was in question. Mr. Sanchez then asked "Where do you

plant your flag?" When PLAINTIFF asked what he meant by that, Mr. Sanchez asked if PLAINTIFF sided with KESSLER or against him. PLAINTIFF replied that he did not approve of KESSLER's treatment of him and that he thought KESSLER's actions were unethical. He then got up and walked out, telling Mr. Sanchez not to ask him to talk in private again.

18. In October, Mr. Campaigne finally returned the evaluation to PLAINTIFF unedited, and when PLAINTIFF asked Mr. Campaigne why PLAINTIFF had not had a meeting with KESSLER in response to his checking the box stating "I would like to discuss this report with the reviewing officer (who was KESSLER) , Mr. Campaigne asked him to reconsider checking the box and contesting the review, because doing so would signal "insubordination". PLAINTIFF replied that he wanted the meeting and again let Ms. Thompson know that he wanted her there when he had the meeting with KESSLER as he felt that he was being harassed and mistreated. Nonetheless, this meeting was never set up.

19. The inevitable shoe dropped on November 21, 2016, but even this was done in a way that reflected KESSLER's excessive and unjustified hostility towards PLAINTIFF. Instead of simply receiving a notice that his probation was being rejected, he received a letter signed by Warden Shawn Hatton stating that he was being put on administrative time off (ATO) until the effective date of his termination "for the purposes of safety and security,' despite the fact that he had never been accused of any kind of misconduct that would justify such an action (being accused of excessive absences does not justify putting an employee on administrative leave "for the purposes of safety and security"). After a pro forma Skelly hearing on December 1, 2016, Warden Hatton sustained the rejection of probation and dismissal. In the notice of rejection, it is stated that PLAINTIFF was absent from work a total of 46 days, of which only four were preapproved for leave time. Actually, PLAINTIFF had 14 pre-approved leave requests, all signed by Mr. Campaigne (PLAINTIFF has copies of each of them), and as described above all of the other absences that he had all were also

8

approved by Mr. Campaigne (and it was Mr. Campaigne himself that asked PLAINTIFF to stop submitting leave request forms). No mention was made in the notice of rejection of the fact that Mr. Campaigne had originally suggested that PLAINTIFF apply for FMLA, or the subsequent reasonable accommodation agreement that led to his leave requests.

20.    PLAINTIFF appealed the rejection of his probation to the State Personnel Board, but failed to receive any effective representation from his union, which presented no evidence on his behalf, and on September 6, 2017, the SPB approved the proposed decision June 14, 2017, proposed decision by Administrative Law Judge Ralph W. Kasarda affirming the decision.  No mention is made in that proposed decision approved by the SPB of PLAINTIFF allegations of religious discrimination.

21.    On or about August 9, 2016, a CTF employee, Jack Dean, filed a lawsuit alleging that he had been harassed and discriminated against by KESSLER after Mr. Dean left the LDS church.  After almost a year of extensive litigation, CDCR reached a settlement with Mr. Dean at a settlement conference presided over by Monterey Superior Court Judge Thomas W. Wills on or about June 9, 2017.  On or about August 29, 2016, CDCR reached a settlement with another former CTF employee, Adam Cohn, at a mediation presided over by the EEOC.  Like PLAINTIFF, Mr. Cohn's probation was rejected and he alleged that it was because of KESSLER's animus towards him for refusing to join the LDS church. Numerous other CTF employees have made similar allegations against KESSLER.  In April 2016, in response to the complaints about KESSLER by Mr. Dean and others, Warden Hatton instituted an internal affairs investigation into KESSLER's conduct, conducted by Special Agent Gisella Ramirez. PLAINTIFF is informed and believes, and thereon alleges, that that investigation is still ongoing almost a year and half later.  On February 13, 2017, Warden Hatton reassigned KESSLER from his position as Principal in response to the complaints about KESSLER's conduct towards employees who refused to participate in the LDS church, and Thompson was made acting Principal.

COMPLAINT FOR RELIGIOUS DISCRIMINATION ETC.

22.     At all times while employed by the CDCR, PLAINTIFF has performed satisfactorily all of the duties required of him, followed all rules and regulations of the CDCR, and substantially performed all obligations required of him.

23.     On or about January 23, 2017, PLAINTIFF filed a timely Charge of Discrimination with the California Department of Fair Employment and Housing ("DFEH") and the United States. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on religion.  A true and correct copy of this Charge of Discrimination is attached hereto as Exhibit A.

24.     On or about January 24, 2017, the DFEH issued notice of PLAINTIFF's right to sue. A true and correct copy of this notice of right to sue is attached hereto as Exhibit B.

25.     On or about September 26, 2017, the EEOC issued notice of PLAINTIFF's right to sue. A true and correct copy of this notice of right to sue is attached hereto as Exhibit C.

26.     On or April 27, 2017, PLAINTIFF timely filed a Government Claim Form with the California Victim Compensation and Government Claims Board against CDCR alleging that KESSLER's conduct caused him to wrongfully be terminated from his position as a Teacher at CTF and negligently and/or intentionally caused him emotional distress, along with the filing fee of $25.00.  The claim was processed and accepted on May 23, 2017, when the filing fee was cashed. PLAINTIFF never received a response to this claim. A true and correct copy of this claim, along with the processed filing fee, is attached hereto as Exhibit D.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RELIGION
### UNDER FEHA (GOV. CODE § 12940(a))
### DEFENDIS v. CDCR

27.     PLAINTIFF realleges and incorporates by this reference the allegations of

10

paragraphs 1 through 26.

28.    Defendant is subject to suit for employment discrimination under the California Fair Employment and Housing Act, Government Code section 12900 et seq.

29.    PLAINTIFF was rejected from probation and terminated from his position as a Teacher at CTF because he elected not to attend the LDS church, and thus suffered an adverse employment action that caused him material harm the in terms, conditions, and/or privileges of employment, as described above.

30.    The adverse employment actions taken against PLAINTIFF described above constituted disparate treatment in that it was based on PLAINTIFF's religion because he refused to attend the LDS church with KESSLER. This intentional conduct was part of a pattern or practice of disparate treatment by KESSLER of individuals who refused to participate in the LDS Church. KESSLER was at all times herein described acting as an agent and employee of CDCR and as a supervisor of PLAINTIFF.

31.    Defendants' conduct as described herein was wrongful and in violation of California Government Code section 12940(a) which provides that it is unlawful to discriminate because of religion.

32.    As a proximate result of defendant's wrongful conduct as herein alleged, PLAINTIFF has suffered harm, including lost earnings and other employment benefits, lost earning capacity, humiliation, embarrassment, mental anguish, and emotional distress, and medical expenses.

33.    PLAINTIFF is entitled to interest on all sums according to law.

34.    PLAINTIFF is entitled to reasonable attorney's fees under Government Code section 12965(b).

35.    PLAINTIFF has exhausted all necessary administrative remedies, as detailed above.

## SECOND CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF RELIGION UNDER TITLE VII
### DEFENDIS v. CDCR

36.    PLAINTIFF realleges and incorporates by reference each allegation of paragraphs 1 through 35.

37.    PLAINTIFF was exposed to disparate treatment in violation of Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 united States Code Sections 2000e-2(a)(1) and (2) when he was rejected from probation and terminated from his position as a Teacher at CTF because he elected not to attend the LDS church. This intentional conduct was part of a pattern or practice of disparate treatment by KESSLER of individuals who refused to participate in the LDS Church. KESSLER was at all times herein described acting as an agent and employee of CDCR and as a supervisor of PLAINTIFF.

38.    Defendant's discriminatory actions against PLAINTIFF, which constitute an unlawful employment practice in violation of Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 united States Code Sections 2000e-2(a), has caused and will continue to cause PLAINTIFF losses of earnings.

39.    Defendant's discriminatory actions against PLAINTIFF, which constitute an unlawful employment practice in violation of Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 united States Code Sections 2000e-2(a), has also caused and will continue to cause PLAINTIFF loss of seniority and losses of other employment benefits including health insurance and retirement benefits.

40.    As a further proximate result of defendant's unlawful and intentional discriminatory actions against PLAINTIFF as alleged above, PLAINTIFF has been harmed in that PLAINTIFF has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages according to proof.

41.    PLAINTIFF is entitled to interest on all sums according to law.

42.    PLAINTIFF is entitled to reasonable attorney's fees under 42 U.S.C.

12

2000e-5(k).

43.     PLAINTIFF has exhausted all necessary administrative remedies, as detailed above.

### THIRD CAUSE OF ACTION— FAILURE TO PROVIDE EMPLOYEE WITH A DISCRIMINATION-HARASSMENT FREE WORKPLACE UNDER THE FEHA (GOVERNMENT CODE § 12940(k)) DEFENDIS v. CDCR

44.     PLAINTIFF realleges and incorporates by this reference the allegations of paragraphs 1 through 43.

45.     Pursuant to the FEHA, Cal. Govt. Code section 12940(k), defendant CDCR had a duty and obligation to provide PLAINTIFF with a workplace that was free of discrimination and harassment, and to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

46.     Defendant CDCR failed to take meaningful action to guarantee PLAINTIFF such a workplace and failed to take all reasonable steps needed to prevent discrimination and harassment from occurring despite its knowledge that KESSLER was engaging in religious discrimination against PLAINTIFF as described above. PLAINTIFF is informed and believes, and thereon alleges, that the CDCR was also aware that KESSLER had also engaged in religious harassment and discrimination against other employees and failed to take effective action to prevent him from continuing to engage in such conduct.

47.     As a result of defendant CDCR's failure to take meaningful action to guarantee PLAINTIFF such a workplace and failure to take all reasonable steps needed to prevent discrimination from occurring despite its knowledge that harassment and discrimination was occurring in the workplace environment in which PLAINTIFF worked, PLAINTIFF suffered harassment and discrimination on the basis of religion as described herein.

48.     As a proximate result of the wrongful conduct of defendants as herein

13

alleged, PLAINTIFF has suffered harm, including lost earnings and other employment benefits, lost earning capacity, humiliation, embarrassment, mental anguish, emotional distress, and medical expenses.

49.    PLAINTIFF is entitled to interest on all sums according to law.

50.    PLAINTIFF is entitled to reasonable attorney's fees under Government Code section 12965(b).

51.    PLAINTIFF has exhausted all necessary administrative remedies, as detailed above.

## FOURTH CAUSE OF ACTION
### TERMINATION IN VIOLATION OF PUBLIC POLICY— DEFENDIS v. CDCR

52.    PLAINTIFF realleges and incorporates by this reference the allegations of paragraphs 1 through 51.

53.    Defendants' conduct in terminating PLAINTIFF's employment because he refused to participate in the LDS church was wrongful and was in violation of public policy as set forth in the FEHA at Govt. Code section 12940, section 8 of the California Constitution, and Title VII of the United States Civil Rights Act at 42 United States Code section 2000e et seq.

54.    As a proximate result of defendant's wrongful conduct as herein alleged, PLAINTIFF has suffered harm, including lost earnings and other employment benefits, lost earning capacity, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage in an amount to be established at trial, which amount is within the jurisdiction of the Superior Court.

55.    PLAINTIFF is entitled to interest on all sums according to law.

56.    PLAINTIFF has exhausted all necessary administrative remedies, as detailed above.

14

## FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS — DEFENDIS v. CDCR

57.    PLAINTIFF realleges and incorporates by this reference the allegations of paragraphs 1 through 56.

58.    Defendant negligently engaged in the wrongful acts described herein.

59.    The wrongful acts described herein are not normally expected to arise in the workplace, and are not a normal incident of one's employment.

60.    As a proximate result of defendants' wrongful conduct as herein alleged, PLAINTIFF has suffered harm, including lost earnings and other employment benefits, lost earning capacity, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage in an amount to be established at trial, which amount is within the jurisdiction of the Superior Court.

61.    PLAINTIFF is entitled to interest on all sums according to law.

62.    PLAINTIFF has exhausted all necessary administrative remedies, as detailed above.

## SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — DEFENDIS v. CDCR

63.    PLAINTIFF realleges and incorporates by this reference the allegations of paragraphs 1 through 62.

64.    Defendant intentionally and with malicious motive, engaged in the wrongful acts described herein, which acts were outrageous and were calculated to cause PLAINTIFF mental anguish, humiliation, and emotional distress.

65.    The wrongful acts described herein are not normally expected to arise in the workplace, and are not a normal incident of one's employment.

66.    As a proximate result of defendants' wrongful conduct as herein alleged, PLAINTIFF has suffered harm, including lost earnings and other employment benefits, lost earning capacity, humiliation, embarrassment, mental anguish, and emotional

distress, all to his damage in an amount to be established at trial, which amount is within the jurisdiction of the Superior Court.

67.    In doing the acts described above, defendants acted wilfully, maliciously, and oppressively, and PLAINTIFF is therefore entitled to punitive or exemplary damages from KESSLER.

68.    PLAINTIFF is entitled to interest on all sums according to law.

69.    PLAINTIFF has exhausted all necessary administrative remedies, as detailed above.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.    For back pay, front pay, loss of benefits, loss of earning capacity, medical expenses and other special damages in the amount of $500,000 or according to proof;

2.    For general damages in the amount of $1,000,000 or according to proof.

3.    For reasonable attorney's fees pursuant to Government Code section 12965(b) and 42 U.S.C. 2000e-5(k);

4.    For pre-judgment interest on all sums awarded;

5.    For costs of suit herein incurred; and

6.    For such other and further relief as the court deems proper.

Dated: October 20, 2017                    LAW OFFICE OF DOUGLAS KANE

                                           By: _Douglas C. Kane_____
                                               DOUGLAS C. KANE
                                               Attorney for PLAINTIFF
                                               NICHOLAS A. DEFENDIS

16
COMPLAINT FOR RELIGIOUS DISCRIMINATION ETC.

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 485-2017-00121 |

| California Department Of Fair Employment & Housing | | and EEOC |
|---|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Nicolas A. Defendis | (559) 801-5407 | 1981 |

City, State and ZIP Code

Street Address

4166 N. Bain Ave.

Fresno, CA 93722

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | 500 or More | (916) 255-0824 |

Street Address                                    City, State and ZIP Code

Office Of Internal Affairs, Civil Rights Operations

10111 Old Placerville Road, Suite 200, Sacramento, CA 95827

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                    City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN | Earliest 12-15-2015  Latest 12-05-2016 |
| ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  I was hired on or about December 6, 2015, as a Teacher. My supervisors were Kevin Kessler, Principal, and Steven Champagne, Vice Principal. Prior to being hired, I was informed by the principal at Valley State Prison that Mr. Kessler does not like subordinate employees that do not embrace the Mormon religion. Shortly after I was hired, Mr. Kessler asked me about my extracurricular activities and he informed me that it would be in my best interest to join his church. I did not join his church. I reported this incident to my Union Representative, Maureen Thompson. Later, on or about December 18, 2015, Mr. Kessler again requested that I attend his church. I did not attend his church. Subsequently, I understand that Mr. Kessler frustrated my ability to renew my teaching credential. On or about November 22, 2016, I was informed that I was being placed on administrative leave pending my discharge for being rejected while on probation. I understand that others have made similar complaints against Mr. Kessler.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 1/14/16   Charging Party Signature   Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED
JAN 2 3 2017
EEOC
Fresno Local Office

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 485-2017-00121 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

II.    I was told that I did not pass probation. No other reason was given to me for the treatment.

III.   I believe I was harassed and discharged because of my Religion, Non-Mormon, and in retaliation for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

IV.   I believe that others have been harassed and/or discharged because of their Religion, Non-Mormon, and in retaliation for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  **RECEIVED**<br>SIGNATURE OF COMPLAINANT |
| X 1/19/16 _____ Date    Charging Party Signature | **JAN 2 3 2017**<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*    EEOC<br>Fresno Local Office |

# EXHIBIT B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

|  |  |
|---|---|
| EEOC Number | 485-2017-00121 |
| Case Name | Nicolas Defendis v. California Department of Corrections and Rehabilitation |
| Filing Date | January 24, 2017 |

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

DFEH-200-02 (08/16)

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Keep in mind that the EEOC process takes time, so there will be gaps between entries about your charge in the Online Charge Status System. Even when you do not see any change in the status of your charge, EEOC staff are hard at work.

# EXHIBIT C

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   Nicolas A. Defendis<br>4166 N. Bain Ave.<br>Fresno, CA 93722 | From:   Fresno Local Office<br>2500 Tulare Street<br>Suite 2601<br>Fresno, CA 93721 |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative<br><br>**Melissa Barrios,**<br>**Local Office Director** | Telephone No.<br><br><br>**(559) 487-5797** |
|---|---|---|
| 485-2017-00121 | | |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒    More than 180 days have passed since the filing of this charge.

☐    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Melissa Barrios,
Director

9/26/17
(Date Mailed)

cc:
Glen Padayachee
Chief of Civil Rights Operations
CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION
10111 Old Placerville Road
Suite 200
Sacramento, CA 95827

Doug Kane
LAW OFFICE OF DOUGLAS KANE
123 JEWELL STREET
Santa Cruz, CA 95060

# EXHIBIT D

2017-10-10 12:14    Re 'ley DMV    6388694 >    18314598127  P 3/5

# Government Claim Form

**Government Claims Program**
**California Victim Compensation and Government Claims Board**
**P.O. Box 3035**
**Sacramento, CA 95812-3035**

1-800-955-0045 • www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**
Claim No.:

## Is your claim complete?

| | |
|---|---|
| ☐ | Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach copies of any documentation that supports your claim. Please do not submit originals. |

## Claimant Information Use name of business or entity if claimant is not an individual

| 1 | Defendis | Nicolas | A | 2 | Tel: 559-432-7979 |
|---|---|---|---|---|---|
| | Last name | First Name | MI | 3 | Email: defendis@sbcglobal.net |

| 4 | 4166 N Boln | Fresno | Ca | 93722 |
|---|---|---|---|---|
| | Mailing Address | City | State | Zip |

| 5 | Inmate or patient number, if applicable: |
|---|---|
| 6 | Is the claimant under 18? No    If Yes, please give date of birth: |
| 7 | |

*If you are an insurance company claiming subrogation, please provide your insured's name in section 7.*

| 8 | |
|---|---|

*If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.*

## Attorney or Representative Information

| 9 | Anthony Capozzi | | MI | 10 | Tel: 559-221-0200 |
|---|---|---|---|---|---|
| | Last name | First Name | | 11 | Email: www.capozzilawoffices.com |

| 12 | 1233 W Shaw Ave #102 | Fresno | Ca | 93711 |
|---|---|---|---|---|
| | Mailing Address | City | State | Zip |

| 13 | Relationship to claimant: |
|---|---|

## Claim Information

| 14 | Is your claim for a stale-dated warrant (uncashed check)?  ○ Yes  ◉ No    If NO, skip to step 15. |
|---|---|
| | State agency that issued the warrant: |
| | Dollar amount of warrant:                    Date of issue: |
| | MM    DD    YYYY |

| 15 | Date of Incident: 02/08/2017 |
|---|---|
| | Was the incident more than six months ago?                     ○ Yes  ◉ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing?   ○ Yes  ◉ No |

| 16 | State agencies or employees against whom this claim is filed: |
|---|---|
| | Dept of Corrections and Rehabilitation |

| 17 | Dollar amount of claim: 2.125.00.00 |
|---|---|
| | If the amount is more than $10,000, indicate the type of civil case:   ○ Limited civil case ($25,000 or less)   ◉ Non-limited civil case (over $25,000) |
| | Explain how you calculated the amount: |
| | ## wages at $85,000 per year times 25 years =2.125.00 |

2017-10-10 12:14      Re  ey DMV              6388694 >>        18314598127  P 2/5

| 6 | If the claim is being filed on behalf of a minor (someone younger than 18), please give the minor's birth date. |
|---|---|
| 7 | If you are an insurance company claiming subrogation, please provide your insured's name here. |
| 8 | If your claim relates to another claim or claimant, please provide the claim number or claimant's name here. |
| 9 | You may wish to consult an attorney for assistance with filing a claim, however it is not required. If an attorney or other person (such as the parent or legal guardian of a minor or conservator of an adult) is representing you, please complete this section. If this section is completed, all correspondence regarding this claim will be sent to the representative. |
| 10 | Provide a daytime telephone number, including area code, for the attorney or representative. |
| 11 | Provide an email address for the attorney or representative. *(Optional)* |
| 12 | Provide a complete mailing address for the attorney or representative. |
| 13 | Describe the relationship of the attorney or representative to the claimant. |
| 14 | If this claim is regarding a stale-dated warrant (an uncashed check) more than three years old, provide the date of issue, amount, and the name of the agency that issued it. **Attach a copy of the front and back of the warrant.** For warrants that are less than three years old, contact the agency that issued the warrant directly to obtain payment. |
| 15 | State the exact date of the incident that you believe caused the damage or injury. If the incident took place over more than one date, provide both the beginning and ending dates. If the incident is ongoing, please provide the beginning date and the most recent date it occurred. **Late Claims:** The Board must receive claims relating to the death or injury of a person, or damage to personal property or growing crops, no later than six months after the date of the incident. If your claim is for equitable indemnity, the filing deadline is six months after the date you were served with the underlying lawsuit. If such a claim is filed more than six months from the date of the incident, **attach a written explanation for filing late.** Other claims with deadlines must be received no later than one year after the incident date. |
| 16 | Provide the name of the state agency that you believe caused the damage or injury. "State of California" alone is not sufficient. Please spell out the name of the agency and include the names of any state employees that were involved. |
| 17 | Enter the total dollar amount being claimed. If you believe the damages are continuing, or anticipated in the future, show a "+" after the dollar amount. If the total dollar amount exceeds $10,000, note whether the claim is a limited civil case or a non-limited civil case. Provide an explanation of how you computed the total amount. You may declare expenses incurred as well as expenses you expect to have in the future. Attach copies of all bills, payment receipts, and cost estimates. |
| 18 | For all claims involving real property, state-owned buildings or parking lots, and roadway- or vehicle-related claims, provide the street address, city, county, state highway number, road numbers, and/or post mile markers where you believe the damage or injury occurred. Real property includes land, buildings and other fixed structures. Roadway- or vehicle-related claims occurred on a state road or involved a state vehicle. |
| 19 | Describe the specific damage or injury that you believe resulted from the incident. Feel free to attach additional information. |
| 20 | Describe the circumstances that led up to the damage or injury. State all the facts that support your claim. If it applies, describe the dangerous condition of the public property. If a law enforcement or insurance Collision/Incident Report is submitted with the claim, this section must still be completed in your own words. |
| 21 | Explain why you believe the state agency is responsible for the damage or injury. |
| 22 | Provide the vehicle license number and any other identifying information if the claim involves a state vehicle. |
| 23 | This section must be completed if the claim involves a motor vehicle. Indicate whether a claim has been filed with your insurance carrier. If a claim has been filed with your insurance carrier, provide the name, telephone number, and mailing address of the insurance carrier. Also include your policy number and the amount of the deductible. If you have received payment, please indicate when and the dollar amount. |
| 24 | The claimant or the claimant's attorney or representative must sign this form. |
| 25 | Be sure to attach the $25 filing fee. Please make your check or money order payable to the State of California. If you cannot afford the filing fee, you can fill out a "Filing Fee Waiver Request", and attach it to this form. You obtain the filing fee waiver request form at www.governmentclaims.ca.gov or by calling 1-800-955-0045. |

2017-10-10 12:14          Re  .ey DMV              6388694 >;        18314598127   P 1/5

## Government Claim Filing Instructions

**Government Claims Program**
**California Victim Compensation and Government Claims Board**
**P.O. Box 3035**
**Sacramento, CA 95812-3035**

**1-800-955-0045 ▪ www.governmentclaims.ca.gov**



**Filing Fee Requirement:** The Government Code requires a $25.00 filing fee for all claims presented to the Victim Compensation and Government Claims Board (VCGCB). Materials submitted without a filing fee will not be processed. Checks or Money Orders should be made out to the State of California. If you cannot afford the filing fee, you may request a waiver. For most claim types, the filing fee is refunded if the claim is paid.

**Claims against VCGCB:** Though the Government Code requires a claim be filed with the VCGCB prior to pursuing most litigation against state governmental entities within the jurisdiction of the VCGCB, please note that it is neither necessary nor proper to include the VCGCB in your lawsuit unless the VCGCB was a named defendant in your claim. Please consult Government Code section 955.4.

**What types of claims can be filed with Government Claims?** Claims can be filed for losses you believe were caused by the action, or inaction, of a state agency. Claims may include:

- Damage to real or personal property
- Reimbursement for state employee property loss, benefits, salary, or travel expenses
- Refund of a tax, fee, or penalty
- Contract disputes

**What types of claims should not be filed with Government Claims?**
Claims against local government agencies must be filed with the responsible local agency. Claims against a University of California (UC) campus must be filed with the UC Regents. Claims against a California State University (CSU) campus must be filed with the campus itself. Claims against school districts or community college districts must be filed with the responsible district. Claims against judicial branch entities must be filed with the Judicial Council.

**Delegated Authority Claims:** The VCGCB grants some agencies delegated authority to resolve claims under $1,000.00. If you have a claim for less than $1,000.00, you may file directly with the following entities: California State Teachers' Retirement System, Department of State Hospitals, Department of Motor Vehicles, California Highway Patrol, Department of Consumer Affairs, and Department of General Services.

**The Delegated Authority of the California Department of Transportation (Caltrans):** By law, Caltrans has delegated authority to resolve claims for dollar amounts within the jurisdiction of the small claims courts. The current jurisdiction of the small claims courts is $10,000.00. Therefore, you may file claims for damages less than $10,000.00 directly with Caltrans.

**Claims for Subrogation:** Claims for subrogation should name the insurance company seeking compensation as the claimant. The insurance company employee handling the claim should be named the representative. Please provide the name of your insured in the space provided (section 7).

**What are the time limits for filing a claim?**
Claims relating to the death or injury of a person, or damage to personal property or crops, must be filed no later than six months after the date of the incident. Other claims must be filed no later than one year after the date of the incident. You can request permission to file a late claim. You may want to consult an attorney if you are not sure how the time limits apply to your claim.

### Instructions for filling out this form:

| | |
|---|---|
| 1 | Provide the full name of the person claiming damage or injury. If the claimant is a business or entity other than an individual, put the name of the entity here. |
| 2 | Provide a daytime telephone number. |
| 3 | Provide an email address. *(Optional)* |
| 4 | Provide a complete mailing address. |
| 5 | If you are an inmate or a patient at a state hospital, please provide your identification number. |

2017-10-10 12:14        Re  ley DMV              6388694 >       18314598127  P 4/5

| 18 | Location of the incident: |
| --- | --- |
| | Dept of corrections and rehabilitation (CTF) Po Bx 686 Soledad Ca 93960 |

| 19 | Describe the specific damage or injury: |
| --- | --- |
| | Lost of teaching job at $85.000 per year<br>Negligence or intentional act causing emotional, libel, slander and financial distress<br>Retaliation in the form of blocking clearing credential in the induction program and rejection of eligibility to teacher at other Correctional Facilities.<br>All benefits lost |

| 20 | Explain the circumstances that led to the damage or injury: |
| --- | --- |
| | I was hired on 12/6/2015 as a teacher. My Supervisors were Kevin Kessler and Steven Champagne. Prior to being hired, I was informed by the principal at Valley State Prison that Mr. Kessler does not like subordinate employees that do not embrace the Mormon Religion. Shortly after I was hired, Mr Kessler asked me about my extracurricular activities and he informed me that it would be in my best interest to join his church. I declined. I reported this incident to my Union rep Maureen Thompson. Later on about 12/18/15 Mr. Kessler again requested that I attend his church I didn't attended his church. Subsequently Mr. Kessler block my ability to renew my teaching credential. On 12/22/16 I was informed that I was being placed on administrative leave pending my discharge for being rejected while on probation. I understand that others have made similar complaints against Mr. Kessler. I lost my job on 02/08/2017. |

| 21 | Explain why you believe the state is responsible for the damage or injury: |
| --- | --- |
| | 1.I was told that I did not pass probation. No other reason was given to me for the treatment<br>2.I believe I was harassed and discharged because of my religion Non -Mormon and in retaliation for apposing discrimination in violation of Title VII of the Civil Rights Act of 1964 |

| 22 | Does the claim involve a state vehicle? | ○ Yes | ◉ No |
| --- | --- | --- | --- |
| | If YES, provide the vehicle license number, if known: | | |

### Auto Insurance Information

| 23 | | | | |
| --- | --- | --- | --- | --- |
| | Name of Insurance Carrier | | | |

| Mailing Address | City | State | Zip |
| --- | --- | --- | --- |
| Policy Number: | | Tel: | |
| Are you the registered owner of the vehicle? | | ○ Yes | ○ No |
| If NO, state name of owner: | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | ○ Yes | ○ No |
| Have you received any payment for this damage or injury? | | ○ Yes | ○ No |
| If yes, what amount did you receive? | | | |
| Amount of deductible, if any: | | | |
| Claimant's Drivers License Number: | | Vehicle License Number: | |
| Make of Vehicle: | Model: | Year: | |
| Vehicle ID Number: | | | |

### Notice and Signature

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
| --- | --- |
| | Date: |
| | Signature of Claimant or Representative        Printed Name |

| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 400 R Street, 5th Floor, Sacramento 95811. |
| --- | --- |

VCGCB-GC-002 (Rev. 8/14)

2017-10-10 12:15        Re  ley DMV             6388694 >·           18314598127  P 5/5



Printed from Chase Personal Online

## Check

---

### Front

TONY DEFENDIS
BECKY DEFENDIS
4188 N BAIN AVE.
FRESNO, CA  93722-0448

90-7162 41423            5237
1222

DATE  4/27/17

PAY TO THE
ORDER OF  State of Calif          $ 25.00

Twenty Five &                    DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO

⑆322271627⑆      974474 21⑈5237

### Back

Seq: 89
Dep: 073333
Date: 05/23/17

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

ENDORSE HERE Only to
STATE OF CALIFORNIA
147796
DGS 001
Deposited by:

Post date              Check #               Check amount

CI-127

# Alternative Dispute Resolution

(INFORMATION PACKET)

OPTIONS FOR RESOLVING YOUR DISPUTE

## There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

## Advantages of ADR

Here are some potential advantages of using ADR: .

**Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.

- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 1 of 2

CI-127

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 2 of 2

| SUPERIOR COURT OF MONTEREY COUNTY<br>Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| Nicholas Defendis<br><br>vs.<br><br>CA Department of Corrections and Rehabilitation | CASE NUMBER<br>17CV003892 |
| | Case Management Conference |

### NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

Your case number ending EVEN is assigned for all purposes to the Hon. Thomas W. Wills, Department 14.
Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham, Department 15.

This notice and Alternative Dispute Resolution (ADR) information packet must be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at www.montereycourt.ca.gov*. A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>02/20/2018</u>     Time: 9:00 AM

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

XAVIER BECERRA
Attorney General of California
MIGUEL A. NERI
Supervising Deputy Attorney General
DAVID PAI
Deputy Attorney General
State Bar No. 227058
  1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0816
Fax: (510) 622-2270
E-mail: David.Pai@doj.ca.gov

*Attorneys for Defendants*
*California Department of Corrections and*
*Rehabilitation*

Exempt from Filing Fees per
Government Code § 6103

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/20/2017 12:01 PM
By: Lisa Dalia, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

MONTEREY DIVISION

| | |
|---|---|
| NICHOLAS A. DEFENDIS,<br><br>               Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and DOES 1-20, inclusive,<br><br>               Defendants. | Case No. 17CV003892<br><br>**ANSWER TO COMPLAINT BY DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION** |

Defendant California Department of Corrections and Rehabilitation ("CDCR") answers the unverified Complaint for Damages ("Complaint") of Plaintiff Nicholas A. Defendis as follow:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally and specifically each and every allegation contained in Plaintiff's unverified complaint, and each and every cause of action purportedly set forth in the complaint. Defendant further denies

1

generally and specifically that Plaintiff has been damaged in any sum, or at all, or that Defendant or any agent or employee thereof, committed any wrongful act or omission which caused Plaintiff any injury or damage whatsoever.

### AFFIRMATIVE DEFENSES

Defendant alleges the following separate defenses to Plaintiff's complaint. Because the complaint is couched in conclusory terms and is uncertain, vague, and ambiguous, Defendant cannot fully anticipate all defenses that may be applicable to the action. Accordingly, Defendant reserves the right to assert additional defenses, if and to the extent such defenses are applicable.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, are barred by the applicable statutes of limitations, including but not limited to the provisions of Government Code sections 945.6, 12960 and 12965, and Code of Civil Procedure sections 338, 340, and 342, and all other applicable statutes of limitation applicable to Plaintiff's claims, whether statutory or by common law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, are barred due to Plaintiff's failure to exhaust administrative and/or judicial remedies, including, but not limited to, administrative remedies and procedures available or required in connection with Plaintiff's employment, and those set forth in Government Code sections 905.2 and 12960.

### FOURTH AFFIRMATIVE DEFENSE

Defendant enjoys immunity from suit, either directly or indirectly, including but not limited to, discretionary immunity pursuant to Government Code section 820.2, prosecutorial immunity pursuant to Government Code section 821.6, and agency immunity pursuant to Government Code sections 815, 815.2, 818, 818.2, 818.8, and other immunities pursuant to Government Code sections 820.4, 820.8, and 822.2.

2

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, are barred because at all relevant times, Defendant's actions were taken in the legitimate exercise of official and managerial discretion based on nondiscriminatory reasons. At all times, Defendant acted within the scope of its discretion, in good faith, with due care and without malice, pursuant to applicable policies, procedures, regulations and laws. Any and all conduct by Defendant about which Plaintiff complains was justified under the circumstances as having been a function of reasonable business decisions and judgment.

## SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's complaint and each and every cause of action alleged therein are barred by privilege, including that described in Civil Code section 47.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative causal link between Defendant's actions and/or omissions and the alleged violation of Plaintiff's rights.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages alleged in Plaintiff's complaint, if any, were proximately caused, in whole or in part, by the conduct, negligence and fault of Plaintiff, and/or by others whose conduct is imputable to Plaintiff (and/or is not imputable to Defendant), and the recovery of Plaintiff, if any, is diminished by the proportion of such negligence and fault.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiff's complaint, the answering Defendant was responsible for and did maintain training, policies and procedures prohibiting discrimination and harassment in the workplace in conformance with applicable law, and Plaintiff failed to make use of these policies and procedures. Plaintiff's failure to utilize these policies and procedures acts as an implicit and/or explicit waiver, estoppel, and bar to this action.

3

## TENTH AFFIRMATIVE DEFENSE

Defendant took reasonable steps to prevent discrimination and retaliation, if any, from occurring, and promptly corrected wrongful conduct, if any there were.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint and each and every cause of action therein claiming retaliation, are barred because Plaintiff did not engage in any protected activity and/or suffer any adverse employment action as a result of engaging in a protected activity.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, are barred to the extent that Plaintiff alleges facts or legal theories outside the scope of the applicable administrative complaint, if any, Plaintiff filed with the California Department of Fair Employment and Housing and the U.S. Equal Employment Opportunity Commission, on which the complaint appears to be based.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any act or omission of any other person, whether vicariously by way of respondeat superior, agency, or otherwise. If any wrongful activity occurred, or if Plaintiff suffered any injury or damages, it was caused by other parties or persons over whom Defendant has no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's complaint, and each and every cause of action therein, are barred by the doctrines of res judicata, laches, estoppel, waiver, and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, are barred to the extent that Plaintiff has failed to avoid and mitigate damages, if any there were.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any recovery, Defendants are entitled to set off any prior recoveries, compensation, or benefits Plaintiff has received in connection with the injuries or

claims identified in this case and/or any collateral sources, including but not limited to having Plaintiff's recovery reduced as provided in Government Code section 985.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each and every cause of action therein, fail to state facts upon which an order of attorneys' fees can be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the allegations of the complaint seek special damages, said complaint and each of the causes of action therein fail to state such claim with requisite specificity and in accordance with Civil Code section 3294.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for equitable relief, to the extent the complaint may contain such a claim or such a claim may later be made, is barred because Plaintiff has an adequate remedy at law and there is no danger of irreparable harm.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant CDCR is not liable for common-law claims under the California Tort Claims Act, Government Code section 815 *et seq.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Because the complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may apply. Accordingly, Defendant reserves the right to assert additional affirmative defenses should such circumstances present itself.

WHEREFORE, Defendant requests:

1. Trial by jury;

2. That Plaintiff takes nothing by this suit;

3. That Defendants be awarded costs and reasonable attorneys' fees; and

4. That Defendants be awarded such other relief as the Court may deem just and proper.

5

Dated:  November 20, 2017

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California

DAVID PAI
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and*
*Rehabilitation*

OK2017901666
Answer.docx

6

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Nicholas A. Defendis v. CDCR**

No.:   **Monterey County Superior Court Case No. 17CV003892**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1515 Clay Street, 20th Floor, Oakland, CA 94612-0550.

On November 20, 2017, I served the attached **ANSWER TO COMPLAINT BY DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION** by placing a true copy thereof enclosed in a sealed envelope with **Golden State Overnight**, addressed as follows:

Douglas C. Kane
Attorney at Law
Law Office of Douglas Kane
123 Jewell Street
Santa Cruz, CA 95060

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 20, 2017, at Oakland, California.

| | |
|---|---|
| Leticia Martinez-Carter | |
| Declarant | Signature |

OK2017901666
90874656.docx90874656 DOCX